[No. 38381. En Banc. December 16, 1965.]

MARGARET ANN GABRIELSON, as *Administratrix, Respondent,* v. THE STATE OF WASHINGTON *et al., Respondents,* PUBLIC UTILITY DISTRICT No. 1 OF LEWIS COUNTY, *Petitioner.**

*Reported in 408 P.2d 1020.

*Murray, Armstrong & Vander Stoep,* by *Grant Armstrong,* for petitioner.

*Stouffer, Brown & Knight,* by *W. L. Brown, Jr.,* for respondent.

HAMILTON, J.—This is a review by writ of certiorari of an order denying a motion for change of venue. The Chief Justice issued the writ and we review the order under our holding in *Russell v. Marenakos Logging Co.,* 61 Wn.2d 761, 380 P.2d 744 (1963).

This is a wrongful death action. Plaintiff-respondent, Margaret Ann Gabrielson, at all times concerned, was a resident of Pierce County, Washington, and initiated the action in the Superior Court of Pierce County. She alleged that the death of her husband, Fred L. Gabrielson, occurred July 21, 1964, while he was employed on a construction job in Lewis County, and that his fatal injuries were occasioned by the negligence of defendants-respondents State of Washington, Lewis County, Troy T. Burnham and wife (residents of King County), and defendant-petitioner Public Utility District No. 1 of Lewis County, hereafter referred to as petitioner.

It is conceded, insofar as this review is concerned, that all defendants are proper parties, and that none was joined simply for jurisdictional or venue purposes. It is further conceded that petitioner maintains some facilities and serves from 150 to 200 customers in Pierce County.

All defendants moved for change of venue from Pierce County to Lewis County upon the grounds that the convenience of witnesses and the ends of justice would be forwarded thereby. As an additional ground, petitioner asserted in its motion that, as to it, the action had not been commenced in the proper county.

All motions were denied. Only petitioner seeks review of the denial, and this solely upon the basis that, as a matter

of law, the superior court erred in holding that, as to it, the action had been commenced in a proper county.

The action was commenced in Pierce County against the state of Washington by virtue of RCW 4.92.010;[1] against Lewis County under RCW 36.01.050;[2] and against the Burnhams and petitioner pursuant to Rule of Pleading, Practice and Procedure 82.04W (a), RCW vol. 0.[3] Pertinent portions of these provisions, in the order mentioned, read:

> Any person or corporation having any claim against the state of Washington shall have a right of action against the state in the superior court of Thurston county.   .   .   . *Provided further,* That actions on a claim arising out of tortious conduct may be commenced against the state in the superior court of Thurston county, the county in which the claim arises, or the county in which the plaintiff resides. Such action shall be subject to a change of venue as provided by law. RCW 4.92.010.

> All actions against any county may be commenced in the superior court of such county, or of the adjoining county   .   .   .   . RCW 36.01.050.

> An action may be brought in any county in which the defendant resides, or, if there be more than one defendant, where some one of the defendants resides at the time of the commencement of the action. For the purpose of this rule, the residence of a corporation defendant shall be deemed to be in any county where the corporation transacts business, or has an office for the transaction of business, or transacted business at the time the cause of action arose, or where any person resides upon whom process may be served against the corporation, unless hereinafter otherwise provided. Rule of Pleading, Practice and Procedure 82.04W (a), RCW vol. 0.

Relying upon Rule of Pleading, Practice and Procedure 82.04W (a), the superior court, in denying petitioner's motion, held:

> 2. That inasmuch as there is proper venue and jurisdiction against the two defendants [the state of Washington and Lewis County]   .   .   ., venue and jurisdiction

---

[1] Plaintiff resides in Pierce County.

[2] Lewis County adjoins Pierce County.

[3] Rule of Pleading, Practice and Procedure 82.04W(a), RCW vol. 0, supersedes RCW 4.12.025.

is, therefore, conferred and is proper as to the other two defendants, Public Utility District No. 1 of Lewis County and Troy T. Burnham . . . .

In challenging the ruling of the superior court, petitioner points to RCW 54.16.110 and that section's antecedents. In pertinent part, RCW 54.16.110 (Laws of 1955, ch. 390, § 12) provides:

A [public utility] district may sue in any court of competent jurisdiction, and may be sued in the county in which it is located.

The forerunners of RCW 54.16.110, being Laws of 1931, ch. 1, § 6 (k), and Laws of 1945, ch. 143, § 1 (k), permitted a public utility district

To sue and be sued in any court of competent jurisdiction; *Provided,* That all suits against the public utility district shall be brought in the county in which the public utility district is located.

Based upon the language of all of the foregoing statutes and upon the 1955 legislative changes in RCW 54.16.110, petitioner advances two contentions. It contends, first, that RCW 54.16.110 as it now reads is jurisdictional; hence, suits against it must be commenced in Lewis County; and, secondly, if RCW 54.16.110 be not jurisdictional, it confers upon petitioner an absolute right to a change of venue to the county where it is located. In support of its second contention, petitioner argues that neither the state of Washington, Lewis County, nor itself are residents of Pierce County within the contemplation of Rule of Pleading, Practice and Procedure 82.04W (a), and that, in any event, RCW 54.16.110 prevails over general procedural rules.

In 1953, this court had occasion to construe RCW 54.16.110, as it then read, against a contention that it was a jurisdictional statute as distinguished from a venue statute. *Public Util. Dist. No. 1 of Kitsap Cy. v. Puget Sound Power & Light Co.,* 43 Wn.2d 1, 260 P.2d 315 (1953). We held it was a venue statute. At that time we had before us the code reviser's codification of the statutes of Washington (see Laws 1950, ch. 16; Laws of 1951, ch. 155; Laws of 1951 2d Ex. Ses., ch. 7), which contained RCW 54.16.110 in its

present form. We recognized, however, that the codifier's version, at that time, was merely prima facie evidence of the law, and construed the language of the statute as the legislature had enacted it. Since then, in Laws of 1955, ch. 390, § 12, the legislature adopted the statute in question as codified. We do not deem that in codifying the statute in its present form the code reviser intended to alter or change the meaning of the statute as the legislature originally enacted it. Neither do we believe that the legislature in enacting the codified version of the statute intended to modify or overrule our interpretation and construction of the statute in *Public Util. Dist. No. 1 of Kitsap Cy. v. Puget Sound Power & Light Co., supra.* To hold otherwise would mean that more than one county-wide public utility district could not be joined in a single suit, for such a district could not be sued in a county different from that in which it was located. Such a situation would do violence to and thwart the recognized policy against multiplicity of suits. We do not conceive this to be the legislative intent.

We, therefore, adhere to our former decision, and hold again that RCW 54.16.110 relates to venue rather than jurisdiction. Accordingly, we determine that petitioner's first contention, that the Pierce County Superior Court did not acquire jurisdiction over it, is without merit.

By its second contention, petitioner asserts that because of RCW 54.16.110 it is entitled to a change of venue as a matter of right. We do not reach all of the intricacies of this contention, nor the precise grounds upon which the trial court acted, for we are satisfied that, in this action, venue was properly laid in Pierce County by virtue of the fact that petitioner concededly transacted business in that county.

A public utility district is a municipal corporation. RCW 54.04.020.[4] As such it is subject to suit. RCW 4.08.120.[5]

---

[4] "Municipal corporations, to be known as public utility districts, are hereby authorized for the purposes of this act and may be established within the limits of the state of Washington, as provided herein." RCW 54.04.020.

[5] "An action may be maintained against a county or other of the public

Its powers are not limited to the transaction of business within its district limits. On the contrary, it is granted quite broad powers extending beyond its geographical boundaries. RCW 54.16. As a municipal corporation, it is subject to the same rules of process and procedure as govern other individual or corporate litigants, unless it be by statute expressly provided otherwise. *State ex rel. King Cy. v. Superior Court,* 104 Wash. 268, 176 Pac. 352 (1918). Rule of Pleading, Practice and Procedure 82.04W(a) provides that, for venue purposes, the residence of a corporate defendant shall be deemed to be in any county where the entity transacts business. RCW 54.16.110 does not clearly provide to the contrary. Instead, it is couched in permissive, not mandatory, language and in such form would appear to be consistent rather than inconsistent with our other general venue provisions.

In the instant case, pertinent statutory venue provisions specifically accorded plaintiff a choice of counties (one of which was Pierce County) wherein venue was correct as to other defendants properly joined in the action. She elected to commence her action in Pierce County, a county in which petitioner maintained some of its facilities and served some of its customers and wherein it "resided" for venue purposes under the provisions of Rule of Pleading, Practice and Procedure 82.04W(a). Under such circumstances, it cannot be said that RCW 54.16.110 confers an absolute right upon petitioner to have the action commenced in Lewis County.

The superior court did not err in denying petitioner's motion. The writ of certiorari is accordingly dismissed.

ALL CONCUR.

---

corporations mentioned or described in RCW 4.08.110, either upon a contract made by such county, or other public corporation in its corporate character and within the scope of its authority, or for an injury to the rights of the plaintiff arising from some act or omission of such county or other public corporation." RCW 4.08.120.