[No. 884-2.    Division Two.    November 20, 1972.]

ARCHITECTURAL WOODS, INC., *Petitioner*, v. THE STATE OF WASHINGTON, *Respondent*, FRANK E. BAKER, *Judge of the Superior Court for Thurston County, Respondent.*

*Harold T. Hartinger* (of *Kane, Vandeberg & Hartinger*), for petitioner.

*Slade Gorton, Attorney General,* and *Diane G. Geiger, Assistant,* for respondent.

PEARSON, J.—Petitioner, Architectural Woods, Inc., seeks an interlocutory writ to review a ruling of the Superior Court for Thurston County refusing on jurisdictional grounds to consider petitioner's motion for change of venue to Pierce County in its action against the State of Washington.

Petitioner sued the State of Washington in Thurston

County, in accordance with RCW 4.92.010, claiming that it was entitled to the proceeds due on a contractor's assignment of monies earned under a state contract.

Other litigation between petitioner and other parties to the state contract was pending in Pierce County, and for that reason petitioner sought to move its Thurston County action against the state to Pierce County, so that it could be consolidated with the Pierce County suit.

The legal issue is whether or not an action against the State of Washington arising out of a state contract is subject to a change of venue from Thurston County.

■ The state first argues that the writ should be denied, as it does not raise a substantial issue of law. It is our view that the writ should issue and that the question should be considered on the merits. The issue involves the interpretation of certain 1963 amendments to RCW 4.92.010, occasioned by passage of the Tort Claims Act. The venue question in actions other than tort claims against the state has not been settled since passage of the 1963 amendments, and we think the issue raised should be put to rest. The present writ is a proper extraordinary remedy. *See Russell v. Marenakos Logging Co.*, 61 Wn.2d 761, 380 P.2d 744 (1963).

Prior to 1963, RCW 4.92.010, as judicially construed, provided that Thurston County was the exclusive county in which actions against the state could be commenced and maintained. The statute was considered jurisdictional and not simply a venue statute. *State ex rel. Thielicke v. Superior Court*, 9 Wn.2d 309, 114 P.2d 1001 (1941).

Certain limited exceptions to this general rule have been allowed where the pleadings raise

> substantial issues of (a) potential damage to property without ascertainment and payment of just compensation, or (b) unlawful or arbitrary and capricious action by state officers beyond the scope of or contrary to their statutory authority, an injunctive action would lie in the county where the damages or the acts allegedly occurred or were about to occur.

*Deaconess Hosp. v. Highway Comm'n*, 66 Wn.2d 378, 383,

403 P.2d 54 (1965). The pleadings in this case do not give rise to an application of either of these exceptions.

In 1963, sections 2 and 3 were added to RCW 4.92.010.[1] These sections authorized and set forth procedures for making tort claims against the state, whether acting in its governmental or proprietary capacity.

Section 1 of the act after 1963 (now codified in RCW 4.92.010) provides as follows:

> Any person or corporation having any claim against the state of Washington shall have a right of action against the state in the superior court of Thurston county. The plaintiff in such action shall, at the time of filing his complaint, file a surety bond executed by the plaintiff and a surety company authorized to do business in the state of Washington to the effect that such plaintiff will indemnify the state against all costs that may accrue in such action, and will pay to the clerk of said court all costs in case the plaintiff shall fail to prosecute his action or to obtain a judgment against the state: *Provided,* That actions for the enforcement or foreclosure of any lien upon, or to determine or quiet title to, any real property in which the state of Washington is a necessary or proper party defendant may be commenced and prosecuted to judgment against the state in the superior court of the county in which real property is situated, and that no surety bond as above provided for shall be required in any such action: *Provided further, That actions on a claim arising out of tortious conduct may be commenced against the state in the superior court of Thurston county, the county in which the claim arises, or the county in which the plaintiff resides. Such action shall be subject to a change of venue as provided by law.*

(Italics ours.) The italicized proviso indicates the 1963 amendment to the basic section of the act, which otherwise was retained in its previous form.

The thrust of appellant's contention is that the words "such action" appearing in the last sentence of the second proviso should relate back to the first sentence of section 1, so that all claims against the state are made subject to a "change of venue" as provided by law.

---

[1] *See* Laws of 1963, ch. 159, §§ 1, 2 and 3.

The state contends, on the other hand, that the last sentence of the second proviso relates only to the subject matter of the second proviso. Accordingly, only tort actions are subject to a change of venue from Thurston County.

The trial court agreed with the state contention and declined on jurisdictional grounds to consider petitioner's motion on the merits. We agree.

■■ We think it to be rather clear that the final sentence of section 1 (RCW 4.92.010) is a part of the second proviso of that section, even though it is separated from the first sentence of the proviso by a period. Had the legislature intended a substantial modification of the jurisdictional requirements of section 1, such sentence would have been separated from the proviso altogether.

Secondly, under an axiomatic rule of statutory construction, the qualifying phrase ("such action") would refer solely to the last noun ("actions on a claim arising out of tortious conduct"). This rule was recently reaffirmed by the Supreme Court. *In re Renton,* 79 Wn.2d 374, 485 P.2d 613 (1971), and was stated as follows at page 376:

> Construing the statute in this manner is consistent with the applicable rule of statutory construction which provides that *a qualifying or conditioning phrase . . . relates solely to the last antecedent . . .*

(Italics ours.) Of course, such a rule of statutory construction would not apply if a contrary intention does appear in the statute. *In re Andy,* 49 Wn.2d 449, 302 P.2d 963 (1956). We see no such contrary intention here. All of the 1963 amendments related to tort claims. The basic jurisdictional requirements (together with their long-standing and rigid judicial interpretations, which we must presume were well known to the legislature) were not changed.

We also think there is some significance to the fact that the reference to tort claims in section 1 was done by a proviso. This was an indication that the proviso is not a part of the main section, but a modification of it. *See Tsutakawa v. Kumamoto,* 53 Wash. 231, 102 P. 766 (1909). The only way the proviso modifies the main provision of section

1 is to allow tort claims to be brought elsewhere than in Thurston County. By this proviso, the usual venue rules applicable in tort claims generally were made to apply to tort claims against the state, including the usual change of venue statute. RCW 4.12.030.

Thus, the proviso is a self-contained expression that tort claims against the state shall have the same general venue as in other tort claims. Such interpretation is fully consonant with section 2 of the act (RCW 4.92.090) which provides:

> The state of Washington, whether acting in its governmental or proprietary capacity, shall be liable for damages arising out of its tortious conduct *to the same extent as if it were a private person or corporation.*

(Italics ours.)

There is nothing in the act which, in our opinion, justifies a conclusion that the legislature intended to abandon its previous jurisdictional rule in any but tort claims.[2]

■ Respondent requests that we consider the policy consideration expressed by the Supreme Court in *Russell v. Marenakos Logging Co., supra,* and the rather obvious fact that in considering a venue question there is little reason to differentiate between contract and tort claims. Even though the accuracy of that contention may not be reasonably questioned, we are required, where possible, to ascertain the legislative intention from the language contained in the statute itself. *See In re Renton, supra.* Where that intention is clear from the statute itself, policy considerations are not relevant to the interpretation.

The ruling of the trial court is affirmed.

PETRIE, C.J., and ARMSTRONG, J., concur.

---

[2]The first proviso of section 1 authorizes certain other actions involving real property or interests in real property to be brought in the county where the real property exists when the state is a necessary or proper party. This is a further indication that exceptions to the basic jurisdictional requirements were done by the proviso method.