[No. 2979–3. Division Three. August 7, 1979.]

BEVERLY J. CORVIN HAUGE, *Respondent,* v. ANTHONY J. CORVIN II, *Appellant.*

*Peter G. Young,* for appellant.

*David J. Whitmore* and *Whitmore, Warren & Bromiley,* for respondent.

MUNSON, J.—The issue presented is whether, when venue has been transferred in an action for modification of child custody, the transferee court may consider matters unrelated to child custody. We answer in the affirmative.

The parties were divorced in Pierce County in 1974. In 1976, the father moved to modify the child custody provisions of the decree. At that time the mother and children were residents of Chelan County. She successfully moved for a change of venue from Pierce County to Chelan County based upon RCW 26.09.280:

> Hereafter every action or proceeding to change, modify, or enforce any final order, judgment, or decree heretofore or hereafter entered in any dissolution or legal separation or declaration concerning the validity of a marriage, whether under this chapter or prior law, in relation to the care, custody, control, or support of the minor children of the marriage may be brought in the county where said minor children are then residing, or in the court in which said final order, judgment, or decree was entered, or in the county where the parent or other

person who has the care, custody, or control of the said children is then residing.

Once the change of venue had been effected, the mother filed a motion seeking a show cause hearing to determine arrearages which she alleged had accrued under the Pierce County decree. The father, by his motion, contended that the issue of arrearages should be returned to Pierce County, reasoning that RCW 26.09.280 conferred venue only for the purpose of child custody and not for other matters relating to post–enforcement of a decree. The trial court denied the motion; the father declined to participate in the proceedings relating to the alleged arrearages; the court entered an order on the arrearages. The father now appeals, urging that on the issue of arrearages he was entitled to a change of venue back to Pierce County as a matter of right. We disagree.

■ The long–standing rule in this jurisdiction is that the court to which venue has been changed has jurisdiction of all questions arising in the action. *Russell v. Marenakos Logging Co.,* 61 Wn.2d 761, 380 P.2d 744 (1963); *Cugini v. Apex Mercury Mining Co.,* 24 Wn.2d 401, 409, 165 P.2d 82 (1946); *State ex rel. De Lape v. Superior Court,* 156 Wash. 302, 307, 286 P. 851 (1930). *Cf. Isho v. Angland,* 65 Wn.2d 375, 377, 397 P.2d 422 (1964). We see no reason to bifurcate venue in this proceeding where there is: (1) no allegation that an impartial trial cannot be had; (2) no contention that the convenience of witnesses or the ends of justice necessitate a change; and (3) no other ground upon which a change of venue may be had. There is no claim of prejudice; the only contention is one of right.

■■ It is undisputed that the trial court denied the father's motion for change of venue and proceeded immediately to hear the motions relating to modification of custody and allegations of arrearages. The granting or denial of a change of venue in this situation rests within the discretion of the trial judge. *Dill v. PUD 2,* 3 Wn. App. 360, 366, 475 P.2d 309 (1970). No request was made to suspend the proceeding so that the father could seek discretionary

review pursuant to RAP 2.1. Since he did not seek discretionary review and has shown no prejudice, we affirm. *Lincoln v. Transamerica Inv. Corp.,* 89 Wn.2d 571, 577–79, 573 P.2d 1316 (1978).

The mother seeks attorney's fees upon appeal, contending that the appeal was frivolous and for the purpose of delay. We find there was a proper justiciable issue; the appeal was not for the purpose of delay. While it may be undisputed that the father has sufficient financial resources to pay the attorney's fees of the mother, she has not shown financial need. *Koon v. Koon,* 50 Wn.2d 577, 313 P.2d 369 (1957); *Cleaver v. Cleaver,* 10 Wn. App. 14, 516 P.2d 508 (1973).

Judgment is affirmed.

GREEN, C.J., and McINTURFF, J., concur.