IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| FRANK COLUCCIO CONSTRUCTION COMPANY, | ) ) ) | No. 76334-2-I (Consolidated with No. 76638-4-I) |
| Appellant, | ) ) ) | |
| v. | ) ) | PUBLISHED OPINION |
| KING COUNTY, | ) ) ) | |
| Respondent. | ) | FILED: May 7, 2018 |

SCHINDLER, J. — RCW 36.01.050 governs the venue of actions by or against a

county. RCW 36.01.050(1) states "All actions by any county shall be commenced in the

superior court of the county in which the defendant resides, or in either of the two

judicial districts nearest to the county bringing the action." In 2015, the legislature

amended the statute to add a new subsection, RCW 36.01.050(3).[1] RCW 36.01.050(3)

states, "Any provision in a public works contract with any county that requires actions

arising under the contract to be commenced in the superior court of the county is

against public policy and the provision is void and unenforceable." In February 2015,

King County awarded a public works contract to Frank Coluccio Construction Company

(FCCC). The contract included a provision that states venue "shall vest solely in the

King County . . . Superior Court." On December 7, 2016, King County filed a breach of

---

[1] LAWS OF 2015, ch. 138, § 1.

contract lawsuit against FCCC in King County Superior Court. FCCC's principal business office is in Seattle. On December 15, FCCC filed a lawsuit against King County in Snohomish County Superior Court. Citing the 2015 amendment to RCW 36.01.050, FCCC argued the right to venue in Snohomish County. Snohomish County Superior Court dismissed the lawsuit. FCCC filed a counterclaim in the King County lawsuit and a motion to transfer venue to Snohomish County. King County agreed the public works contract venue provision is void but argued it filed the lawsuit in the county where FCCC resides. The court denied the motion to transfer venue. FCCC appeals the Snohomish County Superior Court order granting the motion to dismiss its lawsuit against King County and the King County Superior Court order denying the motion to transfer venue to Snohomish County. We hold the 2015 amendment renders the public works contract venue provision unenforceable but does not abrogate the mandate under RCW 36.01.050(1) that a county shall file a lawsuit against a contractor in the county in which the contractor resides. We affirm the order granting the motion to dismiss and the order denying the motion to transfer venue to Snohomish County.

North Creek Interceptor Sewer Improvement Project

In 2014, King County approved the request for proposal and bidding requirements and contract for the North Creek Interceptor Sewer Improvement Project. The contract required the contractor to use "Open Face Shield Tunneling" (OFST) and a specific dewatering system for the project. The contract set milestone dates for the completion of certain stages of the project. The "General Terms and Conditions"

address "LITIGATION," including the mandatory litigation condition precedent of a certificate of completion and a venue provision.

### 9.2 LITIGATION

A. As a mandatory condition precedent to the initiation of litigation by the Contractor against the County, Contractor shall:

1. Comply with all provisions set forth in this Contract;

2. Provide the Project Representative written notice of intent to participate in an Alternate Dispute Resolution (ADR) process agreeable to both parties within twenty-one (21) days from the date the Contractor received a written determination from the Appeal Officer on a submitted Appeal; or absent a written response by the Appeal Office, within eighty-one (81) days following the receipt of the Appeal by the Appeal Officer. The ADR process may be postponed by the County for the purpose of administrative efficiency to allow for all RCOs,[2] Claims and Appeals to be processed pursuant to the Contract as provided in Articles 5, 6, and 9, so that all disputed Appeal determinations can be addressed in one ADR process. The ADR process must be initiated for all disputed Appeals within 300 days after issuance of the Certificate of Substantial Completion for the entire Project; and

3. Receive the Certificate of Substantial Completion for the entire Contract or Final Acceptance if a Certificate of Substantial Completion for the entire Contract is not issued.

B. Any litigation brought against the County shall be filed and served on the County within 365 days from either the issuance of the Certificate of Substantial Completion for the entire Contract or Final Acceptance if no Certificate of Substantial Completion of the entire Contract is issued. The requirement that the parties participate in ADR does not waive the requirements of this subparagraph.

C. Venue and jurisdiction shall vest solely in the King the [sic] County Superior Court.

---

[2] Requests for change orders.

3

The contract states, "Failure to comply with these mandatory condition time requirements shall constitute a waiver of the Contractor's right to pursue judicial relief for any Claim arising from work performed under this Contract." Section 9.2(D).

Frank Coluccio Construction Company (FCCC) bid on the North Creek Interceptor Sewer Improvement Project. FCCC is a Washington corporation with its principal office located in Seattle.

King County awarded the North Creek Interceptor Sewer Improvement Project contract to FCCC in February 2015. The contract required completion of the first milestone by September 23, 2016. FCCC started work on the project on April 26, 2016.

In September 2016, FCCC suspended tunneling operations. On October 6, King County notified FCCC its work did not meet the requirements of the contract. King County demanded a "Corrective Action Plan" that identified "specific steps, methods and modifications that FCCC will adopt to make its performance compliant." FCCC requested a change in the project specifications to allow the use of a different type of tunneling method and a "different type of tunnel boring machine, with the added costs to be borne by the County." King County did not agree to change the project specifications. FCCC and King County scheduled a mediation for early December 2016.

King County Lawsuit Against FCCC in King County Superior Court

On December 7, King County filed a lawsuit against FCCC in King County Superior Court for breach of contract. The complaint alleged, "Venue is proper in King County Superior Court pursuant to RCW 36.01.050 and RCW 4.12.025 because

4

defendant FCCC resides in King County, Washington."[3] The lawsuit sought a declaratory judgment that FCCC was in default and damages.

On December 8, King County issued a notice of default. The notice states King County will terminate the contract unless FCCC provides a Corrective Action Plan.

## FCCC Lawsuit Against King County in Snohomish County Superior Court

On December 15, FCCC filed a lawsuit against King County for injunctive and declaratory relief and damages in Snohomish County Superior Court. FCCC alleged breach of contract because the OFST method was not feasible.

## Dismissal of Snohomish County Lawsuit

King County filed a motion to dismiss the lawsuit filed in Snohomish County Superior Court. FCCC argued because the venue provision in the contract was void and unenforceable under the 2015 amendment to RCW 36.01.050,[4] FCCC had the statutory right to file the lawsuit against King County in Snohomish County.

King County agreed the venue contract provision was void under the recent amendment to the statute. But King County asserted it filed the lawsuit against FCCC in the county where FCCC resides as mandated under RCW 36.01.050(1). "FCCC resides (has its home office and does business) in King County, so a suit against FCCC in King County was perfectly proper."

The Snohomish County Superior Court granted the motion to dismiss. The order states:

> The Court hereby ORDERS as follows:
> 1.    Defendant's Motion to Dismiss is GRANTED.

---

[3] RCW 4.12.025(1) states that a corporation resides in the county where it has an office for the transaction of business.

[4] LAWS OF 2015, ch. 138, § 1.

5

      2.     This matter is hereby DISMISSED without prejudice to Plaintiff's right to pursue its claims and remedies against King County in the first-filed lawsuit in King County.

      3.     The Snohomish County court is willing to hear this matter if the King County court concludes that venue is proper here.

FCCC filed an appeal on January 6, 2017 of the Snohomish County Superior Court order.

FCCC Counterclaim and Motion To Transfer Venue

On January 6, 2017, FCCC filed a counterclaim to the lawsuit filed in King County Superior Court. The counterclaim seeks breach of contract damages, a declaratory judgment that FCCC is not required to use the OFST method, and an injunction to prevent King County from terminating the contract.

FCCC filed a motion to transfer venue to Snohomish County Superior Court. RCW 4.12.030 permits a change of venue where it appears:

      (1) That the county designated in the complaint is not the proper county; or

      (2) That there is reason to believe that an impartial trial cannot be had therein; or

      (3) That the convenience of witnesses or the ends of justice would be forwarded by the change.

FCCC argued the 2015 amendment prohibited venue in King County. FCCC argued venue in King County Superior Court was not proper because "RCW 36.01.050 grants public works contractors an unqualified right to have their claims against a county heard by an adjoining county's superior court."

King County conceded the contract venue provision was void under RCW 36.01.050(3). But King County pointed out the legislature did not modify the mandatory language of RCW 36.01.050(1). Because there is no dispute FCCC resides in King

County, King County asserted venue was proper under RCW 36.01.050(1).

> FCCC resides (has its home office and does business) in King County, and as such, the County's choice of venue in King County was authorized (indeed mandated) by the applicable venue statute.[5]

The court denied the motion to transfer venue to Snohomish County Superior Court. The court ruled the contract provision that venue "shall vest solely in the King County . . . Superior Court" is unenforceable under RCW 36.01.050(3). The court rejected the argument that FCCC had the statutory right to determine venue in the lawsuit filed by King County against FCCC. The court ruled RCW 36.01.050(1) authorized King County to file the lawsuit against FCCC in King County Superior Court because FCCC is a resident of the county. The court also notes that FCCC's right to file a lawsuit against King County is subject to the contract condition precedent.

> Under RCW 36.01.050(1), FCCC has a right to elect to file in Snohomish County but this right is restricted by Paragraph 9.2(A)(2) and (3) of the contract. In other words, FCCC's statutory right to select the venue does not exist until it has received a certificate of completion for the entire contract. FCCC argues that it had no option but to accept this language because public works contracts are "take-it-or leave-it" agreements. But FCCC has provided no legal authority for the proposition that these provisions are unenforceable or unconscionable. FCCC accepted these provisions when it chose to bid on this project—knowing full well how risky underground tunneling projects can be.

On reconsideration, FCCC argued the decision was contrary to RCW 36.01.050(3) and public policy. The court denied the motion for reconsideration but entered an order for certification under RAP 2.3(b)(4).[6] We granted discretionary review of the order denying FCCC's motion to transfer venue and ordered consolidation with

---

[5] Footnote omitted.

[6] RAP 2.3(b)(4) states the appellate court may accept discretionary review where the superior court certifies that "the order involves a controlling question of law as to which there is substantial ground for a difference of opinion and that immediate review of the order may materially advance the ultimate termination of the litigation."

the appeal of the Snohomish County order dismissing the lawsuit filed by FCCC against King County.

Appeal of Order Denying Motion To Transfer Venue

FCCC contends the King County Superior Court erred in denying the motion to transfer venue to Snohomish County Superior Court. FCCC asserts RCW 36.01.050(3) gives public works contractors the absolute right to have their claims heard in an adjoining county. The Associated General Contractors of Washington and National Utility Contractors Association of Washington filed an amicus brief in support of FCCC's argument. King County asserts the 2015 amendment does not change the plain and unambiguous language of RCW 36.01.050(1) that authorizes a county to file a lawsuit against a public works contractor in the county where the contractor resides.

The meaning of a statute is a question of law we review de novo. Dep't of Ecology v. Campbell & Gwinn, LLC, 146 Wn.2d 1, 9, 43 P.3d 4 (2002); W. Plaza, LLC v. Tison, 184 Wn.2d 702, 707, 364 P.3d 76 (2015). Our fundamental objective in construing a statute is to ascertain and give effect to the intent of the legislature. City of Spokane v. Rothwell, 166 Wn.2d 872, 876-77, 215 P.3d 162 (2009).

Statutory interpretation begins with the plain meaning of the statute. Nat'l Elec. Contractors Ass'n, Cascade Chapter v. Riveland, 138 Wn.2d 9, 19, 978 P.2d 481 (1999); Lake v. Woodcreek Homeowners Ass'n, 169 Wn.2d 516, 526, 243 P.3d 1283 (2010). We discern plain meaning from the ordinary meaning of the language, the context of the statute in which the provision is found, related provisions, and the statutory scheme as a whole. Lake, 169 Wn.2d at 526. "While we look to the broader statutory context for guidance, we 'must not add words where the legislature has

chosen not to include them.' " Lake, 169 Wn.2d at 526 (quoting Rest. Dev., Inc. v. Cananwill, Inc., 150 Wn.2d 674, 682, 80 P.3d 598 (2003)). We "construe statutes such that all of the language is given effect." Rest. Dev., 150 Wn.2d at 682. We interpret statutory provisions in relation to each other to harmonize all provisions. Cannabis Action Coal. v. City of Kent, 180 Wn. App. 455, 477, 322 P.3d 1246 (2014); C.J.C. v. Corp. of Catholic Bishop of Yakima, 138 Wn.2d 699, 708, 985 P.2d 262 (1999). If the statute is unambiguous after we review the plain meaning, our inquiry is "at an end." Lake, 169 Wn.2d at 526.

RCW 36.01.050 governs venue in actions by or against counties. RCW 36.01.050(1) states:

> All actions against any county may be commenced in the superior court of such county, or in the superior court of either of the two nearest judicial districts. All actions by any county shall be commenced in the superior court of the county in which the defendant resides, or in either of the two judicial districts nearest to the county bringing the action.

In July 2015, the legislature amended RCW 36.01.050 to add a new subsection to prohibit the inclusion of a venue provision in a public works contract that requires "actions arising under the contract to be commenced" in the superior court of that county. LAWS OF 2015, ch. 138, § 1; RCW 36.01.050(3).

As amended, RCW 36.01.050 provides:

> (1) All actions against any county may be commenced in the superior court of such county, or in the superior court of either of the two nearest judicial districts. All actions by any county shall be commenced in the superior court of the county in which the defendant resides, or in either of the two judicial districts nearest to the county bringing the action.
> (2) The determination of the nearest judicial districts is measured by the travel time between county seats using major surface routes, as determined by the administrative office of the courts.
> (3) Any provision in a public works contract with any county that requires actions arising under the contract to be commenced in the

superior court of the county is against public policy and the provision is void and unenforceable. This subsection shall not be construed to void any contract provision requiring a dispute arising under the contract to be submitted to arbitration.

FCCC argues that because RCW 36.01.050(1) gives a public works contractor the right to file suit against King County in the two nearest judicial districts, the language of the new subsection precludes King County from filing a lawsuit against a contractor in King County Superior Court. Because FCCC's argument ignores the plain and unambiguous language that mandates a county file a lawsuit against a contractor in the superior court of the county where the contractor resides, we disagree.

RCW 36.01.050(3) unambiguously prohibits the inclusion of a venue provision in a public works contract that requires "actions arising under the contract to be commenced" in that county as "void and unenforceable." RCW 36.01.050(3) also states, "This subsection" shall not be construed to void any provision "requiring . . . arbitration." While RCW 36.01.050(3) specifically addresses venue provisions in a public works contract, it does not refer to or alter the plain and unambiguous language of RCW 36.01.050(1). RCW 36.01.050(1) states, "All actions by any county shall be commenced in the superior court of the county in which the defendant resides, or in either of the two judicial districts nearest to the county bringing the action." The legislature did not change, modify, or alter the language of RCW 36.01.050(1).[7]

---

[7] The case FCCC cites, Briedablik, Big Valley, Lofall, Edgewater, Surfrest, North End Community Ass'n v. Kitsap County, 33 Wn. App. 108, 652 P.2d 383 (1982), is inapposite. Briedablik addressed the right to bring an action against a county in an adjoining county under former RCW 36.01.050 (1963) and the statute authorizing change of venue, RCW 4.12.030. Briedablik, 33 Wn. App. at 109. The court held the two statutes conflict and the statute governing actions by a contractor against a county controlled. Briedablik, 33 Wn. App. at 118-19. In Save Our Rural Environment v. Snohomish County, 99 Wn.2d 363, 367, 662 P.2d 816 (1983), the Washington Supreme Court held that "in actions by or against a county a trial court may continue to exercise its discretion under RCW 4.12.030. To the extent Briedablik is contrary to this view, it is overruled."

FCCC and amici cite legislative history to argue the legislature intended to prevent a county from filing a lawsuit against a public works contractor in the superior court of that county. But we look to the legislative history to determine legislative intent only if the statute is ambiguous. Rest. Dev., 150 Wn.2d at 682; see also City of Olympia v. Drebick, 156 Wn.2d 289, 295, 126 P.3d 802 (2006) (a reviewing court resorts to aids such as legislative history only when the language of the statute is not plain and unambiguous); Lake, 169 Wn.2d at 526 ("If the statute is unambiguous after a review of the plain meaning, the court's inquiry is at an end.").[8]

FCCC and amici also argue that as a matter of public policy, a public works contractor must have the right to bring its claims against a county in an adjoining county. Public policy arguments should be "addressed to the Legislature, not to the courts." Blomster v. Nordstrom, Inc., 103 Wn. App. 252, 258, 11 P.3d 883 (2000); Doe v. Wash. State Patrol, 185 Wn.2d 363, 384, 374 P.3d 63 (2016); State v. Costich, 152 Wn.2d 463, 479, 98 P.3d 795 (2004); Triplett v. Dep't of Soc. & Health Servs., 166 Wn. App. 423, 433, 268 P.3d 1027 (2012); Donohoe v. State, 135 Wn. App. 824, 851 n.20, 142 P.3d 654 (2006); Quadrant Corp. v. Cent. Puget Sound Growth Mgmt. Hr'gs Bd., 154 Wn.2d 224, 247, 110 P.3d 1132 (2005); Burkhart v. Harrod, 110 Wn.2d 381, 385, 755 P.2d 759 (1988); State v. Brown, 94 Wn. App. 327, 341-42, 972 P.2d 112 (1999); Cazzanigi v. Gen. Elec. Credit Corp., 132 Wn.2d 433, 449, 938 P.2d 819 (1997).

We hold the plain and unambiguous language of RCW 36.01.050(1) gives a county the right to file a lawsuit against a public works contractor in the county where the contractor resides. Because RCW 36.01.050(1) mandates a county shall file suit

---

[8] We note the bill report that amici cites describes the amendment as "simple" and states the amendment "solves a very straightforward issue with no change to the law." H.B. REP. ON H.B. 1601, at 2, 64th Leg., Reg. Sess. (Wash. 2015).

against a defendant in the county where the defendant resides and the 2015 amendment adding subsection (3) does not refer to, alter, or change the language of RCW 36.01.050(1), the King County Superior Court did not err in denying the motion to transfer venue.

In the alternative, FCCC claims the litigation condition precedent in the contract is procedurally and substantively unconscionable and violates RCW 36.01.050(3).

RAP 2.3 governs discretionary review. RAP 2.3(e) gives us the discretion to determine the scope of discretionary review and specify the "issues as to which review is granted." We granted review to address the order denying the motion to transfer venue where the public works contract included an unenforceable forum selection provision under RCW 36.01.050(3). We decline to consider other issues for which we did not grant discretionary review. State v. LG Elecs., Inc., 185 Wn. App. 123, 151-52, 340 P.3d 915 (2014); aff'd 186 Wn.2d 1, 375 P.3d 636 (2016).

In addition, FCCC did not argue in the motion to transfer venue or the motion for reconsideration that the litigation condition precedent was procedurally or substantively unconscionable. We also note the order denying the motion to transfer venue states FCCC argued it had no option but to accept the language of the contract but "provided no legal authority for the proposition that these provisions are unenforceable or unconscionable." We do not consider issues raised for the first time on appeal. RAP 2.5(a); Roberson v. Perez, 156 Wn.2d 33, 39, 123 P.3d 844 (2005).

Appeal of Order Dismissing Lawsuit Filed in Snohomish County

FCCC asserts the Snohomish County Superior Court erred in dismissing the lawsuit against King County under the priority of action rule.

We review de novo application of the priority of action rule. Atl. Cas. Ins. Co. v. Or. Mut. Ins. Co., 137 Wn. App. 296, 302-03, 153 P.3d 211 (2007). Under the priority of action rule, the court that obtains jurisdiction of a case first "retains the exclusive authority" over the action "until the controversy is resolved." Sherwin v. Arveson, 96 Wn.2d 77, 80, 633 P.2d 1335 (1981). "The reason for the doctrine is that it tends to prevent unseemly, expensive, and dangerous conflicts of jurisdiction and of process." Sherwin, 96 Wn.2d at 80.

The priority of action rule does not automatically apply when parties file two similar cases in different counties. Am. Mobile Homes of Wash., Inc. v. Seattle-First Nat'l Bank, 115 Wn.2d 307, 317, 796 P.2d 1276 (1990). The rule applies "only when the cases involved are identical as to subject matter, parties and relief." Sherwin, 96 Wn.2d at 80; Am. Mobile Homes, 115 Wn.2d at 317. Where the identity of the parties, subject matter, and relief are not met, courts consider equitable factors to determine whether the priority of action rule applies. Am. Mobile Homes, 115 Wn.2d at 320-21 (the Washington Supreme Court considered equitable factors because the two cases did not involve identical parties or relief).

Here, the parties are identical and the subject matter of the two lawsuits is the same. Citing American Mobile Homes, FCCC asserts we must consider equitable factors. FCCC contends the relief requested in the lawsuit filed against King County is

not the same as the relief requested in the counterclaim filed in King County Superior Court. We disagree.

In the Snohomish County Superior Court lawsuit, FCCC sought injunctive relief to prevent King County from terminating the contract based on refusal to use the OFST method. The counterclaim FCCC filed in the King County Superior Court lawsuit requested the same injunctive relief—"[i]njunctive relief barring the County from terminating or enforcing any termination of [FCCC] based on its refusal to use the unsafe OFST methodology." The court did not err in dismissing the Snohomish County lawsuit under the priority of action rule.

Alternatively, FCCC asks us to create an exception to the priority of action rule where a county sues a public works contractor first in its own county. We decline to create an exception to the well established priority of action rule.

We affirm the Snohomish County Superior Court order granting the motion to dismiss and the King County Superior Court order denying the motion to transfer venue.

WE CONCUR: