[No. 19387. Department One. August 24, 1926.]

PRENTISS TUCKER, *Respondent,* v. AUGUST MEHL-
HORN, JR., *Defendant,* JOEL W. RUSSELL,
*Appellant.*[1]

[1] ATTORNEY AND CLIENT (37, 44)—COUNSEL FEES—VALUE OF SERV-
ICES—EVIDENCE. An allowance of $75 as a reasonable attorney's
fee for commencing a suit will not be increased on appeal where
the trial court was familiar with the services rendered and two
lawyers testified that $45 or $50 was a reasonable fee.

Appeal from a judgment of the superior court for
King county, Hall, J., entered January 24, 1925, upon
findings in favor of the plaintiff, in an action for legal
services, tried to the court. Affirmed.

*P. Pitt Shaw* and *Russell & Blinn,* for appellant.

*Greene & Henry,* for respondent.

PER CURIAM.—This appeal concerns a small attor-
ney's fee. In 1919, the respondent and one Lina Ritter
entered into a contract for the sale and purchase of a
piece of real estate. Mrs. Ritter went into possession.
Later she refused to purchase the property because of
an alleged defect in the title. She, however, continued
to remain in possession for several months. The ap-
pellant was the attorney for the respondent as admin-
istrator. A suit was brought by the respondent against
Mrs. Ritter for rent, or the value of the use of the prem-
ises she occupied. This suit was for some $800 or $900.
Substituted service of summons was made upon Mrs.
Ritter, but, upon her motion, it was quashed. Not long
thereafter, Mrs. Ritter died, and an administrator was

[1]Reported in 248 Pac. 376.

appointed. Respondent, acting through the appellant as his attorney, filed a claim against the Ritter estate for rent. This claim was for substantially the amount previously sued for. It was rejected by the administrator for the Ritter estate. Thereupon, the respondent, upon the advice of the appellant, his attorney, brought suit on the rejected claim. Various motions and demurrers were interposed by the administrator of the Ritter estate and were disposed of. At this stage of the proceedings, the respondent administrator learned that he could compromise the suit for about $500, and, desiring to settle on such a compromise, he directed the appellant, as his attorney, to obtain from the court an order authorizing such a settlement. The court made the order, and the money, to wit, a little less than $500, was paid to the appellant as the attorney for the respondent administrator. He deducted $175, claimed by him as an attorney's fee for services, and offered to pay the balance to respondent, who refused the same and obtained an order of the court requiring appellant to show cause why he did not pay to the respondent the money he had in his hands. Upon a hearing the court allowed him $75 for his services, and directed that the balance in his hands be paid to the respondent.

[1] The only question on this appeal is the adequacy of the attorney's fee allowed the appellant, Russell.

Both the respondent and the appellant orally testified concerning the services rendered by the appellant. He claimed $175. Two attorneys testified as to the value of his services, one fixing the sum of $50, and the other $45. These were witnesses for the respondent. Appellant did not offer any testimony as to the value of his services. Appellant contends that the testimony given by the two lawyers should not be considered.

One of them testified that he was, and had been, the attorney for Lina Ritter in the suit brought against her, and also the attorney for the administrator of her estate, and that as such he became familiar with all the work that appellant had done with reference to this matter, and, in addition thereto, had heard appellant's testimony concerning the services performed by him. The other lawyer testified that he had heard the testimony given by the appellant and therefrom fixed the value of the services at $45. We think the testimony of both of these witnesses was competent.

While it appears to us that the court might well have allowed a somewhat larger amount to the appellant, yet in the light of the fact that two attorneys had fixed the compensation at an amount materially less than that given by the court and the fact that the court was familiar with the services which appellant had performed, we do not feel' justified in holding that the court abused its discretion in allowing appellant but $75.

The judgment is affirmed.