[No. 41557.   En Banc.   June 3, 1971.]

*In the Matter of the Petition of the* CITY OF RENTON. THE CITY OF RENTON, *Appellant,* v. DILLINGHAM CORPORATION, *Respondent.*

*Shellan, Pain, Stone & Swanson,* for appellant.

*Bogle, Gates, Dobrin, Wakefield & Long* and *Peter D. Byrnes,* for respondent.

HUNTER, J.—This is an appeal by the petitioner, the City

of Renton, from an order and judgment, awarding attorney's fees in a condemnation proceeding to the respondent, Dillingham Corporation.

The petitioner brought this condemnation action seeking to acquire certain waterfront property on Lake Washington in the city of Renton. Prior to the commencement of this condemnation proceeding, the petitioner submitted a written offer of settlement in the sum of $434,000. After a 4-day trial, the jury returned a verdict for the respondent in the sum of $740,775, which was $306,775 greater than the petitioner's offer.

The record shows there was a fee agreement between the respondent and its counsel which provided that if the jury verdict exceeded by 10 per cent or more the amount of the petitioner's written offer, then the attorney's fee would be the amount awarded by the court as reasonable attorney's fees under RCW 8.25.070. If the verdict did not exceed the offer by 10 per cent, it was orally agreed that the respondent would be charged upon an hourly basis for the time spent.

After two separate hearings, the trial court, pursuant to RCW 8.25.070, awarded attorney's fees of $46,016 to the respondent. RCW 8.25.070 provides as follows:

> If a trial is held for the fixing of the amount of compensation to be awarded to the owner or party having an interest in the property being condemned and if the condemnee has offered to stipulate to an order of immediate possession of the property being condemned, the court may award the condemnee reasonable attorney's fees and reasonable expert witness fees actually incurred in the event of any of the following:
>
> (1) If condemnor fails to make any written offer in settlement to condemnee at least thirty court days prior to commencement of said trial; or
>
> (2) If the judgment awarded as a result of the trial exceeds by ten percent or more the highest written offer in settlement submitted to those condemnees appearing in the action by condemnor at least thirty days prior to commencement of said trial; or
>
> (3) If, in the opinion of the trial court, condemnor has

shown bad faith in its dealings with condemnee relative to the property condemned.

In no event may any offer in settlement be referred to or used during the trial for any purpose in determining the amount of compensation to be paid for the property. [1967 1st ex.s. c 137 § 3.]

There is no dispute in the instant case that the respondent was entitled to an award of attorney's fees under this statute. A trial was held for fixing the amount of compensation, there was an offer by the respondent to stipulate to an order of immediate possession of the property being condemned, and the judgment exceeded the offer by more than 10 per cent.

The petitioner contends, however, that the trial court erred in awarding the sum of $46,016 as attorney's fees for the reason that RCW 8.25.070 only authorizes the payment of attorney's fees "actually incurred." The petitioner asserts that under the fee agreement the only actual obligation of the respondent was to pay the law firm for the time it devoted to preparation and trial of its case which amounted to approximately 175 hours.

■ It is well settled that the primary consideration in construing the provisions of a statute is to determine the intent of the legislature, and where possible this intent should be gathered from the language contained in the statute itself. *Ropo, Inc. v. Seattle*, 67 Wn.2d 574, 409 P.2d 148 (1965); *Hatzenbuhler v. Harrison*, 49 Wn.2d 691, 306 P.2d 745 (1957). Accordingly, we must examine the language of RCW 8.25.070, which expressly provides, "the court may award the condemnee reasonable attorney's fees and reasonable expert witness fees actually incurred . . ."

■■ A plain reading of this provision clearly indicates that it was the intention of the legislature to provide for reasonable attorney's fees, and the phrase "actually incurred" was intended to modify "reasonable expert witness fees" and not "reasonable attorney's fees." Construing the statute in this manner is consistent with the applicable rule of statutory construction which provides that a qualifying

or conditioning phrase (*i.e.,* "actually incurred") relates solely to the last antecedent (*i.e.,* "reasonable expert witness fees"). Also, this construction is consistent with recent cases wherein we have held that under the provisions of RCW 8.25.070, it is within the discretion of the trial court to determine the reasonableness of attorney's fees. *State v. Roth,* 78 Wn.2d 711, 479 P.2d 55 (1971); *State v. Forrest,* 78 Wn.2d 721, 479 P.2d 45 (1971). We therefore hold the petitioner's contention is without merit.

Having held that RCW 8.25.070 provides for an award of "reasonable attorney's fees," the sole remaining issue is whether the trial court abused its discretion in making the award in the instant case.

Whether attorney's fees are reasonable involves a question of fact to be answered in light of the particular circumstances of each individual case, and in fixing the fees the trial court is given broad discretion. *State v. Roth, supra; Tucker v. Mehlhorn,* 140 Wash. 283, 248 P. 376 (1926); 56 A.L.R.2d 13 (1957). Canon 12 of the Canons of Professional Ethics provides guidelines for determining a reasonable attorney's fee, as follows:

> In determining the amount of the fee, it is proper to consider: (1) the time and labor required, the novelty and difficulty of the questions involved and the skill requisite properly to conduct the cause; (2) whether the acceptance of employment in the particular case will preclude the lawyer's appearance for others in cases likely to arise out of the transaction, and in which there is a reasonable expectation that otherwise he would be employed, or will involve the loss of other employment while employed in the particular case or antagonisms with other clients; (3) the customary charges of the bar for similar services; (4) the amount involved in the controversy and the benefits resulting to the client from the services; (5) the contingency or the certainty of the compensation; and (6) the character of the employment, whether casual or for an established and constant client. No one of these considerations in itself is controlling. They are mere guides in ascertaining the real value of the service.

The record shows that essentially all of the factors encompassed by the above canon were carefully considered by the trial court in determining the amount of attorney's fees awarded the respondent. Under these circumstances, particularly in view of the jury verdict of $306,775 above the petitioner's offer of settlement, there is no room for this court to find that the trial court abused its discretion in the award of $46,016 as reasonable attorney's fees in this case.

The judgment of the trial court is therefore affirmed.

HAMILTON, C.J., FINLEY, ROSELLINI, HALE, NEILL, STAFFORD, and WRIGHT, JJ., and RYAN, J. Pro Tem., concur.