[No. 1831-42344-1. Division One. August 6, 1973.]

THE CITY OF SNOHOMISH, *Respondent,* v. GERALD JOSLIN et al., *Appellants.*

*Kafer, Wilson & Luchini* and *Benjamin A. Luchini,* for appellants.

*Richard J. Thompson,* for respondent.

JAMES, J.—Upon discovering that defendant Joslin's residence encroached approximately 10 feet upon the city's Pine Street, the City of Snohomish brought this action seeking an abatement. Joslin cross claimed asserting that, by the construction of Maple Street, an undedicated roadway, the city had encroached upon the easterly 12 feet of his property and upon the triangular-shaped southern tip of the property where Pine and Maple Streets converge. The trial judge resolved the issues by: (1) directing a verdict in favor of the city abating Joslin's encroachment upon Pine Street; (2) directing a verdict confirming the city's prescriptive title to the easterly 12-foot strip; (3) ruling that the city's claimed prescriptive title to the southerly tip of the property had not ripened and instructing that Joslin was entitled to "just compensation" therefor.

Joslin's appeal presents only two questions.

## I.

DOES A MUNICIPAL CORPORATION'S ACQUISITION OF TITLE TO PRIVATE LANDS BY PRESCRIPTION DEFEAT AN OWNER'S CONSTITUTIONAL RIGHT TO JUST COMPENSATION AS REQUIRED BY ARTICLE 1, SECTION 16, AND AMENDMENT 9 OF THE WASHINGTON STATE CONSTITUTION?

Joslin does not appeal the trial judge's ruling that the city had acquired title to the 12-foot strip by prescription. He assigns error only to the ruling that the loss of the 12-foot strip is not compensable.

■ Joslin argues that "[s]ince the Constitution expressly forbids the 'taking' before payment the courts are not at liberty to allow a 'taking' under the doctrine of prescriptive rights." Mr. Joslin candidly concedes, however,

that acceptance of his thesis would require our disregard of consistent rulings of the Washington Supreme Court.

The rule in Washington is stated in *Ackerman v. Port of Seattle*, 55 Wn.2d 400, 405, 348 P.2d 664, 77 A.L.R.2d 1344 (1960):

> We have held that an action for constitutional taking is not barred by *any* statute of limitations and may be brought at any time before *title* to the property taken *is acquired* by prescription. The prescriptive period in this state has been held to be ten years.

(Italics ours.) We recognize anomaly inherent in the statement of the rule. Acquisition of title by way of prescription *is* the result of the barring of an action by a statute of limitation.

> An easement of right of way across the land of another, including even the establishment of a public highway over private property, may be acquired by prescription. [Citations omitted.]
> The period required in this state to establish such a prescriptive right of way is ten years, by analogy to the provisions of Rem. Rev. Stat., § 156 [P. C. § 8161], which is the statute of limitations relative to actions for the recovery of real property. [Citations omitted.][1]

*Northwest Cities Gas Co. v. Western Fuel Co.*, 13 Wn.2d 75, 82, 123 P.2d 771 (1942). But anomalous or not, the rule in Washington is that: "A corporation possessing the right of eminent domain may acquire property for its public uses in one of three ways only: (a) by purchase; (b) by condemning and paying for the property in the manner provided by law; and (c) by adverse possession for the statutory period." *Aylmore v. Seattle*, 100 Wash. 515, 518, 171 P. 659 (1918).

---

[1]Rem. Rev. Stat. § 156 is now RCW 4.16.020 as follows: "The period prescribed in RCW 4.16.010 for the commencement of actions shall be as follows:

"Within ten years:

"Actions for the recovery of real property, or for the recovery of the possession thereof; and no action shall be maintained for such recovery unless it appears that the plaintiff, his ancestor, predecessor or grantor was seized or possessed of the premises in question within ten years before the commencement of the action."

We hold that the trial judge did not err in ruling that because the City of Snohomish acquired title to the easterly 12 feet of his property by prescription, Joslin lost his constitutional right to compensation.

## II.

WHEN A MUNICIPALITY TAKES PRIVATE PROPERTY FOR A PUBLIC USE WITHOUT INSTITUTING CONDEMNATION PROCEEDINGS, IS THE OWNER ENTITLED TO AN AWARD OF REASONABLE ATTORNEY AND EXPERT WITNESS FEES IN A JUDGMENT AWARDING COMPENSATION FOR THE TAKING?

The city has not cross-appealed from the trial judge's ruling that it had not acquired title to the southerly tip of the Joslin property by prescription. For the reasons discussed in *Aylmore v. Seattle,* at page 523, Joslin is constitutionally entitled to receive "just compensation."

> [An owner's] right of recovery is founded upon, and grows out of, his title to the land, and until such title is lost by adverse possession, he should have the right to maintain an action to recover that which represents the property itself.

The trial resulted in a jury award of $7,500 to Joslin for the loss of the southerly tip of his property.

At trial Joslin claimed that by RCW 8.25.075 he was entitled to an award of "costs, including reasonable attorney fees and reasonable expert witness fees." Although not clearly articulated, the trial judge's reason for rejecting Joslin's claim seems to be that RCW 8.25.075 applies only to condemnation actions.

■ We do not agree. The first rule for judicial interpretation of a statute is that the court should assume that the legislature means exactly what it says. Plain words do not require construction. *In re Renton,* 79 Wn.2d 374, 485 P.2d 613 (1971). RCW 8.25.075 is as follows:

> (1) A superior court having jurisdiction of a proceeding instituted by a condemnor to acquire real property shall award the condemnee costs including reasonable attorney fees and reasonable expert witness fees if—

(a) there is a final adjudication that the condemnor cannot acquire the real property by condemnation; or

(b) the proceeding is abandoned by the condemnor.

(2) A superior court rendering a judgment for the *plaintiff* awarding compensation for the taking of real property for public use without just compensation having first been made to the owner, or the attorney general or other attorney representing the acquiring agency in effecting a settlement of any such proceeding shall award or allow to such plaintiff costs including reasonable attorney fees and reasonable expert witness fees.

(3) Reasonable attorney fees and expert witness fees as authorized in this section shall be subject to the provisions of subsection (4) of RCW 8.25.070.

(Italics ours.) Subsection (4) of RCW 8.25.070 concerns only the amount of fees which can be allowed.

■ While subsection (1) of RCW 8.25.075 obviously applies to condemnation proceedings, just as obviously an action in which a *plaintiff* seeks compensation for "the taking of [his] real property for public use without just compensation having first been made" to him is *not* a condemnation action. Subsection (2) cannot be read as applying to a condemnation action. In a condemnation action, a property owner is *never* the plaintiff.

Although in this case Joslin was made a defendant by the city in its abatement suit, for the purposes of RCW 8.25 .075 (2), Joslin's cross claim for compensation for the taking of the southerly tip of his property made him a plaintiff.

As pointed out in *State v. Roth,* 78 Wn.2d 711, 479 P.2d 55 (1971), statutes providing for attorney and expert witness fees reflect a legislative recognition of the fact that one who receives only the fair market value for land taken from him for public use does not receive "just" compensation if he is required to resort to litigation to obtain that compensation. By RCW 8.25.070 a property owner is to be awarded reasonable attorney and expert witness fees unless, *before acquisition,* a condemnor has offered to pay the owner at least 90 percent of the amount determined at trial to be the fair market value of the property sought for

public use. RCW 8.25.075 clearly manifests a legislative intent that if a condemnor chooses to take property without instituting condemnation proceedings, the owner shall be reimbursed for his costs of litigation in obtaining his constitutionally guaranteed just compensation.

Accordingly, the case is remanded for the purpose of entry of judgment awarding Joslin reasonable expert witness fees and reasonable attorney fees. The award for attorney fees should cover both trial and appeal. *State v. Kodama*, 4 Wn. App. 676, 483 P.2d 857 (1971).

WILLIAMS and CALLOW, JJ., concur.

Petition for rehearing denied October 30, 1973.