WEST AMERICAN INSURANCE COMPANY ET AL., APPELLEES,
*v.* HUMPHREY, APPELLANT.

[Cite as West American Ins. Co. v. Humphrey (1979),
65 Ohio App. 2d 188.]

(No. 79AP-121—Decided July 3, 1979.)

*Mr. Dick M. Warburton, Jr.,* for appellees.

*Messrs. Crabbe, Brown, Jones, Potts & Schmidt* and *Mr. Kenneth E. Harris,* for appellant.

MCCORMAC, J. Plaintiffs-appellees, West American Insurance Company and Ellis Hupp, sued Robert L. Humphrey, defendant-appellant, for damages to Hupp's automobile, alleging that defendant was negligent in an auto accident on August 12, 1977. West American Insurance Company was subrogated to $655.24 of the $755.24 damage to the automobile. Defendant answered, denying negligence and asserting contributory negligence.

Thereafter, plaintiffs moved for summary judgment based on a judgment in the case of *Lisa Humphrey* v. *Ellis and Mabel Hupp,* arising from the same auto accident. Plaintiffs asserted that this judgment conclusively established that Robert Humphrey's negligence was the sole proximate cause of the accident by use of the doctrine of collateral estoppel.

The trial court sustained the motion for summary judgment and rendered final judgment in favor of plaintiffs.

Appellant has asserted the following assignments of error:

"I. The Trial Court erred in applying the 'doctrine of collateral estoppel' as there is no mutuality between the parties and their privies in the two actions.

"II. The Court erred in failing to accept, for the purposes of deciding the Motion for Summary Judgment, the testimony of the defendant, Robert Humphrey."

Two automobiles were involved in a collision on August 12, 1977: an automobile owned by Ellis Hupp and operated by his wife, Mabel Hupp, and an automobile owned by Lisa Humphrey and operated by her husband, Robert L. Humphrey. Two lawsuits were commenced, both pending in Franklin County Municipal Court. The first action was that of *Lisa Humphrey* v. *Ellis and Mabel Hupp.* Final judgment was rendered for the Hupps when the trial court found that Robert Humphrey's negligence was the sole proximate cause of the damage and, thus, that Lisa Humphrey, the owner of the Humphrey vehicle, could not recover damages against the Hupps.

The other action, this case, is that of Ellis Hupp and his subrogated insurer against Robert Humphrey, the driver of

the Humphrey vehicle, for damages to the Hupp automobile.

The issue is the binding effect, if any, of the final judgment in the former case to this case.

Appellees assert and the trial court found that the factual finding of the first case, that Robert Humphrey's negligence was the sole proximate cause of the accident, is binding against Robert Humphrey, a non-party to the first action, by virtue of the doctrine of collateral estoppel.

Appellant asserts that he is not bound by the result of the first case, as he was neither a party nor in privity with a party in that case, and that he is entitled to his day in court to litigate the contested issues of negligence and proximate cause.

The general rule is that a final judgment which decides a point of law or fact is binding, by the doctrine of collateral estoppel, upon a party or a person in privity therewith, which persons are precluded from subsequently relitigating the identical issue. In paragraph four of the syllabus in the case of *Whitehead* v. *Genl. Tel. Co.* (1969), 20 Ohio St. 2d 108, the court stated that "[g]enerally, a person is in privity with another if he succeeds to an estate or an interest formerly held by another.***"

Robert Humphrey, the husband of Lisa Humphrey who was the plaintiff in the first case, was the bailee of an automobile owned by Lisa, the bailor. There is nothing in the record to indicate that Robert Humphrey's negligence is imputed to the owner, Lisa. Negligence is not imputed solely because of the husband-wife relationship or because a bailment existed. Ohio has not adopted the family purpose doctrine for imputing negligence.

The question then is whether there is privity between a bailor and bailee for purposes of applying the doctrine of collateral estoppel. The law does not support a finding of privity. The bailor and bailee each have their own interest in the chattel. One has not succeeded to an estate or interest formerly held by the other. As pointed out in *Hudson Transit Corp.* v. *Antonucci* (New Jersey Court of Errors and Appeals 1948), 137 N. J. Law 704, 61 A. 2d 180, while either the bailor or bailee may sue for the entire damage to the chattel, which becomes a full satisfaction and bar to the other's claim, there is not privity between bailor and bailee so as to provide a basis for a finding of collateral estoppel which requires identity of

interest through succession to the same property rights involved in the prior litigation. In annotating this case and discussing other cases, Annotation 4 A.L.R. 2d 1378, at page 1379, reads, in part, as follows:

"In other words, while under the general rule in a situation in which both bailor and bailee in successive suits attempt to recover for injury to the bailed property, privity between them may exist based upon their common interest in the bailed chattel, no common liability of bailor and bailee for injury caused by the bailed chattel is recognized for the purpose of giving them the relation of privies."

Since Robert Humphrey has not had an opportunity to litigate negligence and proximate cause and is not in privity with his wife for purposes of binding him with the determination in her case, the trial court erred in applying the doctrine of collateral estoppel. Not only is this result in accord with the general rule and supporting cases, but it is also fortified by the judgment in *Nationwide Ins. Co.* v. *Steigerwalt* (1970), 21 Ohio St. 2d 87, where our Supreme Court held that even though there was privity between the subrogated collision insurer and its insured who had previously unsuccessfully litigated his part of the split claim, the failure of defendant to require joinder of the insurer in the first case or to attempt to consolidate the cases for trial waived any bar to the insurer's later prosecution. In this case, not only was there not privity between the bailor and bailee according to the traditional rules, but also there was a failure on the part of those seeking to affirmatively use collateral estoppel to urge consolidation of the cases pending in the same court.

The recent case of *Hicks* v. *De La Cruz* (1977), 52 Ohio St. 2d 71, does not support appellees' position. While the doctrine of collateral estoppel ordinarily precludes a party who has previously litigated the same issue to final judgment from relitigating the issue—not only with the opposing party, but also with another person who was not bound by the earlier judgment since the issue was not resolved against him, thus eliminating the element of mutuality—the doctrine does not permit the result of the first case to be used against a person who has not had an opportunity to litigate the issue, either personally or through someone in privity with him. Thus, had a mutual issue been decided against Ellis Hupp in the first case,

he may have been precluded from relitigating that issue, since he had his day in court.

Appellant's first assignment of error is sustained. His second assignment of error is overruled since the judgment in the prior case of *Lisa Humphrey* v. *Ellis and Mabel Hupp* has no binding effect upon this case—so the issue raised therein is moot.

Appellant's first assignment of error is sustained. Appellant's second assignment of error is overruled. The judgment of the trial court is reversed and the case is remanded for further procedure consistent with this decision.

*Judgment reversed*
*and cause remanded.*

WHITESIDE and REILLY, JJ., concur.