[No. 48078–8.   En Banc.   February 24, 1983.]

THE STATE OF WASHINGTON, *Respondent*, v. JERRY P. HUNTLEY, *Appellant*.

28

*John Henry Browne,* for appellant.

*Russ Juckett, Prosecuting Attorney,* and *James B. Roche* and *Larry McKeeman, Chief Deputies,* for respondent.

STAFFORD, J.—The sole issue herein is whether RCW 9.01.200 was enacted in violation of Const. art. 2, § 19.[1] *State v. Grisby,* 97 Wn.2d 493, 647 P.2d 6 (1982) heretofore resolved that question in favor of the statute's constitutionality. We reverse the trial court.

On January 23, 1980, appellant, Jerry Huntley, was charged with second degree assault. His first two trials ended in a mistrial, while the third ended with a jury verdict of not guilty. Pursuant to RCW 9.01.200,[2] and in accordance with our opinion in *State v. Manuel,* 94 Wn.2d 695, 619 P.2d 977 (1980), the same jury that acquitted appellant responded to a special interrogatory and found his "actions . . . were reasonably necessary to defend himself and his wife against an attack which he did not provoke or invite". Thereafter, acting pursuant to RCW 9.01.200, appellant filed a motion for entry of judgment against the State. The amount sought was $27,105.37, for appellant's legal fees, other expenses involved in his defense and for loss of time.

---

[1]Const. art. 2, § 19. "No bill shall embrace more than one subject, and that shall be expressed in the title."

[2]RCW 9.01.200.
"No person in the state shall be placed in legal jeopardy of any kind whatsoever for protecting by any reasonable means necessary, himself, his family, or his real or personal property, or for coming to the aid of another who is in imminent danger of or the victim of aggravated assault, armed robbery, holdup, rape, murder, or any other heinous crime.
"When a substantial question of self defense in such a case shall exist which needs legal investigation or court action for the full determination of the facts, and the defendant's actions are subsequently found justified under the intent of this section, the state of Washington shall indemnify or reimburse such defendant for all loss of time, legal fees, or other expenses involved in his defense."

The State moved to dismiss appellant's motion, contending RCW 9.01.200 is unconstitutional. Although the trial court found the amount sought by appellant was reasonable, it denied the motion for entry of judgment, holding RCW 9.01.200 violated Const. art. 2, § 19. Huntley appealed directly to this court.

RCW 9.01.200 was originally enacted in 1977 as section 8 of Laws of 1977, 1st Ex. Sess., ch. 206, p. 774, entitled "An Act Relating to the death penalty . . ." To meet the requirements of Const. art. 2, § 19, there must be a "rational unity" between the general subject and the various subsections. *Kueckelhan v. Federal Old Line Ins. Co.*, 69 Wn.2d 392, 403, 418 P.2d 443 (1966). The trial court found no such "rational unity" between section 8, authorizing reimbursement for self–defense, and the rest of the statute which pertains to the death penalty. We disagree.

Subsequent to the trial court's decision, *State v. Grisby, supra,* addressed a similar constitutional challenge to Laws of 1977, 1st Ex. Sess., ch. 206. Appellants in *Grisby* argued that because section 8 dealt with a separate subject the entire bill was unconstitutional. We rejected that argument, stating at page 498:

> We have held Const. art. 2, § 19, should be liberally construed so as to sustain the validity of a legislative enactment.
>
> . . .
> . . . Under section 8, even a multiple homicide committed in self–defense would not be punishable by the death penalty and a person wrongly accused might be entitled to reimbursement for expenses involved in the legal defense. *This is sufficient to meet the test of "rational unity." The statute does not violate Const. art. 2, § 19.*

(Citations omitted. Italics ours.)

We reaffirm our resolution of this issue in *State v. Grisby, supra.* RCW 9.01.200 was not enacted in violation of Const. art. 2, § 19.

The trial court is reversed and the cause remanded for

30

entry of judgment for appellant in the amount of $27,105.37.

WILLIAMS, C.J., and ROSELLINI, UTTER, BRACHTENBACH, DOLLIVER, DORE, DIMMICK, and PEARSON, JJ., concur.

Reconsideration denied April 5, 1983.