[No. 49774-5. En Banc. February 16, 1984.]

CLYDE M. TODD, ET AL, *Appellants,* v. KITSAP COUNTY, ET AL, *Respondents.*

STAFFORD, J., did not participate in the disposition of this case.

*Shiers, Kamps, Love & Chrey,* by *David Hedger,* for appellants.

*C. Danny Clem, Prosecuting Attorney,* and *Ronald A. Franz, Deputy,* for respondent.

UTTER, J.—Clyde and Nadine Todd appeal from a summary judgment denying them compensation for land allegedly taken by inverse condemnation. They argue that the 7–year statute of limitations for prescriptive taking set forth in RCW 36.75.070 is inapplicable here and that a 10–year limitations period should apply. Also challenged is the statute's constitutionality under the equal protection clause of U.S. Const. amend. 14 and the privileges and immunities clause of Const. art. 1, § 12. We find appellants' arguments lack merit and affirm the trial court.

Appellants purchased some Kitsap County property in 1958. The County constructed a road on appellants' prop-

erty and opened it to the public in July 1971. The public used and the County maintained this roadway for over 7 years before appellants filed this action in inverse condemnation. At trial, the court granted respondent County's motion for summary judgment on grounds that title had passed to it by prescription under RCW 36.75.070. Appellants appealed to the Court of Appeals which certified the case to this court.

A corporation possessing the right of eminent domain may acquire property in one of three ways: by purchase, by condemnation or inverse condemnation and payment of just compensation and by adverse possession or prescription for the statutory period. *Snohomish v. Joslin,* 9 Wn. App. 495, 513 P.2d 293 (1973). Appellants here argue that the County took their land by inverse condemnation. Respondent County contends that it acquired the property by prescription. If appellants are correct, they are entitled to just compensation for the property taken. If the County is correct, appellants have lost their right to compensation through the passage of time.

RCW 36.75.070 provides that:

> All public highways in this state, outside incorporated cities and towns and not designated as state highways, which have been used as public highways for a period of not less than seven years, where they have been worked and kept up at the expense of the public, are county roads.

Our decisions construing this statute and its predecessors have stated that it is more than a mere statute of limitations and that prescriptive rights can be acquired under its terms. *King Cy. v. Hagen,* 30 Wn.2d 847, 194 P.2d 357 (1948); *Stofferan v. Okanogan Cy.,* 76 Wash. 265, 136 P. 484 (1913); *Seattle v. Smithers,* 37 Wash. 119, 79 P. 615 (1905); *Kingston Village Corp. v. King Cy.,* 4 Wn. App. 813, 484 P.2d 408 (1971).

The stipulated facts establish that the County has met the terms of the statute. "[A]n action for constitutional taking . . . may be brought at any time *before title to the*

*property taken is acquired by prescription.*" (Italics ours.) *Ackerman v. Port of Seattle,* 55 Wn.2d 400, 405, 348 P.2d 664 (1960). Here, title passed to the County by prescription before appellants' action.

Appellants seek to escape this conclusion by arguing that a 10–year prescriptive period applies to all actions in inverse condemnation when just compensation is the remedy sought. They rely on *Highline Sch. Dist. 401 v. Port of Seattle,* 87 Wn.2d 6, 548 P.2d 1085 (1976); *Ackerman;* and *Aylmore v. Seattle,* 100 Wash. 515, 171 P. 659 (1918).

The most compelling of appellants' cases is *Ackerman v. Port of Seattle, supra.* In *Ackerman,* we were asked to determine whether the 3–year statute of limitations for tortious invasion and waste of real property, or the 10–year statute of limitations for recovery of real property, applied to actions for just compensation after a constitutional taking. We held that "an action for constitutional taking is not barred by any statute of limitations and may be brought at any time before title to the property taken is acquired by prescription. The prescriptive period in this state has been held to be ten years." *Ackerman,* at 405.

*Ackerman* did not infer that a 10–year prescriptive period was mandated to guarantee the right to just compensation. Rather, it set forth the prescriptive period provided as a result of the 10–year statute of limitations applicable in that case for recovery of real property. Once the applicable limitations period has expired, title passes either by prescription or by adverse possession. *See Snohomish v. Joslin,* 9 Wn. App. 495, 497, 513 P.2d 293 (1973) ("We recognize anomaly inherent in the statement of the rule. Acquisition of title by way of prescription *is* the result of the barring of an action by a statute of limitation"). The remaining cases cited by appellant were each governed by a 10–year statute of limitations and applied a 10–year prescriptive period to actions for just compensation after a governmental taking.

Appellants distinguish the County's cases, which apply the 7–year prescriptive period under RCW 36.75.070, by

noting that in none of them did plaintiffs seek just compensation. This distinction is unpersuasive. The applicable prescriptive period governs in actions for a constitutional taking. Because there is no authority which mandates a 10–year prescriptive period in all actions for just compensation, the 7–year prescriptive period of RCW 36.75.070 applies to those cases which fall within its terms.

It is next contended by appellants that RCW 36.75.070 unconstitutionally discriminates between two distinct groups in violation of Const. art. 1, § 12 and U.S. Const. amend. 14. They classify these groups as (1) those persons owning property in an unincorporated area who have only 7 years in which to claim compensation and (2) those persons owning property in an incorporated city or town who have a full 10 years in which to do so. They maintain, further, that the statute is subject to strict judicial scrutiny because it infringes on the "fundamental" right to receive just compensation for property taken by the government.

Appellants have mischaracterized the right here involved. RCW 36.75.070 does not deprive owners of property in unincorporated areas of their right to just compensation for property taken. It confers upon the county the right to acquire property by prescription within 7 years. Its incidental effect is to impose a 7–year statute of limitations on actions for inverse condemnation on those persons whose property is affected by the statute. The relevant question, therefore, is whether Const. art. 1, § 12 and U.S. Const. amend. 14 will permit a right to be conferred on the county which is not conferred on others.[1]

In *Jenkins v. State,* 85 Wn.2d 883, 540 P.2d 1363 (1975) we considered a case similar to that here and set forth the applicable standard of review under both constitutional provisions. In *Jenkins,* plaintiffs challenged the

---

[1]Const. art. 1, § 12 provides: "No law shall be passed granting to any citizen, class of citizens, or corporation other than municipal, privileges or immunities which upon the same terms shall not equally belong to all citizens, or corporations." U.S. Const. amend. 14 provides, in pertinent part: "No state shall . . . deny to any person within its jurisdiction the equal protection of the laws."

constitutionality of RCW 36.45.030 which provides to tort victims a significantly shorter statute of limitations when the county was the tortfeasor than when the tortfeasor was another governmental agency. We applied the following test to the challenged statute:

> (1) the legislation must apply alike to all persons within the designated class; and (2) [a] reasonable ground must exist for making a distinction between those who fall within the class and those who do not.

*Jenkins,* at 889. We then viewed the subject statute in relation to statutes dealing with rights of persons similarly situated and found a glaring inconsistency. In addition, the county tort victims were severely burdened by "having to commence their actions within 3 months of the expiration of the 'presentation period,' while [other tort victims] enjoy[ed] the relative 'privilege' of commencing their actions within 3 years of the date of the occurrence." *Jenkins,* at 890. No reasonable ground existed to warrant this disparity.

The present case withstands the level of constitutional scrutiny set forth in *Jenkins.* The statute applies equally to all counties and persons holding property within unincorporated areas. There is no glaring inconsistency here between the treatment accorded the County and that accorded others. The general prescriptive period for the County and others is 10 years. *See* RCW 36.75.080 (10–year period for establishing county roads where no public expenditure) and RCW 4.16.020 (10–year period for establishing adverse possession). Yet, where the entity in possession has satisfied additional conditions, the prescriptive period is reduced to 7 years. *See* RCW 36.75.070 (7–year period for establishing county roads where public expenditure); RCW 7.28.070 (7 years for establishing adverse possession where payment of taxes). In addition, the burden appellants and others similarly situated might suffer by having to commence their action in 7 years instead of 10 is slight in comparison with that suffered by the plaintiffs in *Jenkins.*

■ It also appears that there is a reasonable basis for distinguishing between counties and cities for the purpose of establishing roads by prescription. "It is the well–established rule of law in this state that a statutory classification having some reasonable basis does not offend the equal protection clause or the privileges and immunities clause. In order to successfully attack a particular classification, it must be shown that such classification is manifestly arbitrary, unreasonable, inequitable, and unjust." *Griffin v. Department of Social & Health Servs.,* 91 Wn.2d 616, 627, 590 P.2d 816 (1979).

At the time the original predecessor to RCW 36.75.070 was enacted in 1890, and even when it was reenacted in 1937, county roads were often developed by user. When the public became accustomed to using these roads their maintenance became increasingly important. RCW 36.75.070 and its predecessors provided counties with an incentive to expend public moneys for this important development and maintenance and provided county residents with assured roads. City streets were usually better planned and cities did not need a legislative incentive for maintaining their roads.

Because appellant has not met his burden of proving that the presumptively valid statutory classification is manifestly unreasonable, *Yakima Cy. Deputy Sheriff's Ass'n v. Board of Comm'rs,* 92 Wn.2d 831, 601 P.2d 936 (1979), *appeal dismissed,* 446 U.S. 979 (1980), the judgment is affirmed.

WILLIAMS, C.J., ROSELLINI, BRACHTENBACH, DOLLIVER, DORE, DIMMICK, and PEARSON, JJ., and CUNNINGHAM, J. Pro Tem., concur.