[No. 13453-1-I. Division One. June 16, 1986.]

GARY VASEY, *as Guardian ad Litem,* ET AL, *Respondents,* v. SNOHOMISH COUNTY, *Appellant.*

84

*Seth R. Dawson, Prosecuting Attorney,* and *Edward E. Level* and *Arden J. Bedle, Deputies,* for appellant.

*Charles Moren,* for respondents.

COLEMAN, J.—Snohomish County appeals a judgment entered against it in an action for damages brought by Gary and Joan Vasey. The County argues that the trial court erred by not imputing the negligence of Gary Vasey to reduce Joan Vasey's recovery for lost earnings, medical expenses, and the value of the Vasey vehicle. The County also argues that RCW 4.22.020, which deals with imputation of contributory fault, is unconstitutional because it violates article 1, section 12; article 2, section 37; and article 2, section 19 of the state constitution. The Vaseys argue that the appeal is frivolous and request the imposition of terms.

On January 1, 1981, Gary Vasey, his wife Joan, and their daughter Deborah drove to Everett to visit Mr. Vasey's father. After their visit they were involved in a car accident in which the Vasey car left the road and struck some rocks in the right of way. Gary and Deborah's injuries were relatively minor, but Joan Vasey's injuries were extensive, involving permanent damage to one hip. The vehicle was a total loss, its value stipulated at $3,900.

Gary and Joan Vasey sued Snohomish County, alleging

that it was negligent in its signing and maintenance of the road. The County answered that it was not negligent, and by counterclaim argued that Gary Vasey's negligence was the sole proximate cause of the accident. The County asked for contribution from Gary in an amount reflecting the percentage of his negligence.

Joan Vasey did not sue Gary Vasey. The Vaseys moved, pursuant to RCW 4.22.060, that the court determine that a $25,000 settlement of a claim by Joan against Gary was reasonable. At a hearing on this matter, the court determined that the settlement was reasonable, discharged Gary from liability for contribution to the County, and provided that any recovery by Joan against the County would be reduced by $25,000.

A trial was held. The jury returned a special verdict which found that the County was 20 percent negligent and Gary Vasey was 80 percent negligent. The jury awarded Joan Vasey $100,000 for pain and suffering, $25,000 for past and future medical expenses, and $800 for the reasonable value of earnings lost. The jury also found that the Vasey car was valued at $3,900. The trial court entered judgment for Joan for $102,750 and for Gary for $419.50. In calculating this amount, the trial court reduced Gary's recovery (which consisted of his medical expenses and half the value of the automobile) by 80 percent.[1] The trial court did not reduce Joan Vasey's recovery by 80 percent but did subtract the $25,000 settlement from the amount of the judgment against the County.

On appeal the County raises several issues. First, the County argues that the trial court erred in failing to reduce the award to Joan Vasey by 80 percent.[2] Next, the County

[1]The jury awarded nothing to Gary for medical expenses, but the parties agreed by stipulation that he was entitled to those expenses. Also, the Vaseys agreed to divide the interest in the automobile, with Joan recovering half of the value of the vehicle, and Gary recovering half of the value of the vehicle reduced by his 80 percent contributory fault.

[2]In its opening brief, the County argued that the entire recovery by Joan was

argues that even if RCW 4.22.020 applies to this action and denies imputation of contributory fault, the statute is unconstitutional for several reasons and may not be applied. The County argues that the statute violates the prohibition against special privileges and immunities, the statute amends certain statutes without setting them forth in the text of the act, and the bill enacting the statute contains more than one subject which is not expressed in its title.

The County first contends that the trial court erred by not reducing by 80 percent Joan Vasey's recovery for her medical expenses, lost earnings, and the value of the vehicle.

Generally, a plaintiff's action for damages is not barred or reduced because of the negligence of a third person. Restatement (Second) of Torts § 485 (1965). One old and now disfavored exception to this was a rule which imputed contributory negligence based solely on the marital relationship. Under this rule, one spouse's. negligence would be imputed to the other spouse to bar recovery. The rule arose out of the common law concept that the wife's legal identity merged with that of her husband, so that each was charged with the negligence of the other. W. Keeton, D. Dobbs, R. Keeton & D. Owen, *Prosser and Keeton on Torts* §§ 74, 122 (5th ed. 1984). Modernly, however, the law recognizes the separate legal identities of the spouses, and one person's contributory negligence will not be imputed to another merely on the basis of the marital relationship.[3]

---

community property, and therefore, the contributory fault of Gary must be imputed to Joan to reduce her entire recovery as well as Gary's. However, in light of *In re Marriage of Brown*, 100 Wn.2d 729, 675 P.2d 1207 (1984), the County has abandoned its argument that the award to Joan for pain and suffering must be reduced. The only amounts the County now contends must be reduced are the $25,000 for Joan's medical expenses, the $800 for Joan's lost earnings, and $1,950 for the half of the value of the vehicle which the trial court did not reduce by Gary Vasey's contributory fault.

[3]Restatement (Second) of Torts § 487 (1965). *See, e.g., Feltch v. General Rental Co.*, 383 Mass. 603, 421 N.E.2d 67 (1981); *Singletary v. National R.R.*

An exception to the general demise of imputed contributory negligence exists in certain community property jurisdictions where the damages recoverable by either spouse would be characterized as community property. Because both spouses would have an interest in such damages, these jurisdictions continue to impute the negligence of one spouse to the other "in order to prevent the negligent party from profiting as community owner by his own wrong." W. Keeton, *supra* at 531.

Initially, the law in Washington was that any recovery by a married person for injuries inflicted by a third party tortfeasor was community property. *Hawkins v. Front St. Cable Ry.*, 3 Wash. 592, 28 P. 1021 (1892). In order to prevent the tortfeasor spouse from profiting from his own wrong, contributory negligence was imputed to the innocent spouse to bar recovery. *Ostheller v. Spokane & I.E. R.R.*, 107 Wash. 678, 182 P. 630 (1919); W. DeFuniak & M. Vaughn, *Community Property* § 83 (2d ed. 1971).

In 1973 the Legislature enacted a comparative negligence statute. Included in the bill was a section which stated:

> The negligence of one marital spouse shall not be imputed to the other spouse to the marriage so as to bar recovery in an action by the other spouse to the marriage, or his or her legal representative, to recover damages from a third party caused by negligence resulting in death or in injury to the person.

Laws of 1973, 1st Ex. Sess., ch. 138, § 2, p. 949. This section was codified as RCW 4.22.020.

In 1981 the Legislature enacted the tort reform act. As part of this enactment, RCW 4.22.020 was amended to read:

---

*Passenger Corp.*, 376 So. 2d 1191 (Fla. Dist. Ct. App. 1979); *West Am. Ins. Co. v. Humphrey*, 65 Ohio App. 2d 188, 417 N.E.2d 112 (1979); *Dashiell v. Keauhou–Kona Co.*, 487 F.2d 957 (9th Cir. 1973) (interpreting Hawaii law); *Glidden v. Butler*, 112 N.H. 68, 288 A.2d 695 (1972); *Stover v. Patrick*, 459 S.W.2d 393 (Mo. 1970); *Louisville v. Stuckenborg*, 438 S.W.2d 94 (Ky. 1968); *Sumner v. Amacher*, 150 Mont. 544, 437 P.2d 630 (1968).

The contributory fault of one spouse shall not be imputed to the other spouse or the minor child of the spouse to diminish recovery in an action by the other spouse or the minor child of the spouse, or his or her legal representative, to recover damages caused by fault resulting in death or in injury to the person or property, whether separate or community, of the spouse. In an action brought for wrongful death, the contributory fault of the decedent shall be imputed to the claimant in that action.

Finally, in 1984 the Washington Supreme Court overruled *Hawkins* and its progeny, holding that damages for pain and suffering are the separate property of the injured spouse, and damages for lost wages and medical expenses are community property to the extent they compensate the community. *In re Marriage of Brown,* 100 Wn.2d 729, 675 P.2d 1207 (1984).

The County's argument on appeal is that since Joan Vasey's recovery for medical expenses, lost wages, and the vehicle would be characterized as community property, the community is the actual party recovering in this action. The County argues that the statute refers to an action "by [a] spouse", and therefore, the statute does not abolish imputation of negligence when an action is brought by the community. The County contends that since Joan Vasey's recovery is really an action by the community, Gary Vasey's negligence must be imputed to the community to diminish the recovery.

Before we reach the County's argument, however, we must determine which version of RCW 4.22.020 applies to this case. The Vasey accident occurred on January 1, 1981, before the 1981 statute was enacted. The County argues that the 1981 version of the statute is not retroactive and that, therefore, the 1973 version applies to this case. The issue is complicated by the fact that the 1981 statute says it applies to "all claims arising on or after July 26, 1981." RCW 4.22.920.

In *Godfrey v. State,* 84 Wn.2d 959, 530 P.2d 630 (1975), the court faced a similar argument regarding the 1973 stat-

ute. In that case, the cause of action arose prior to the 1973 statute's effective date but the trial was begun after the effective date. The court held that the 1973 statute would be applied retroactively because it related to the victim's remedy rather than the tortfeasor's liability for the consequences of his negligence. Statutes will be given retroactive application if they relate to practice, procedure, or remedies and do not affect contractual or vested rights. *Nelson v. Department of Labor & Indus.*, 9 Wn.2d 621, 115 P.2d 1014 (1941); *Marine Power & Equip. Co. v. Human Rights Comm'n Hearing Tribunal*, 39 Wn. App. 609, 694 P.2d 697 (1985).

■ The 1981 amendments to RCW 4.22.020 did not alter the remedial orientation of the statute. We agree with the reasoning of *Christie v. Maxwell*, 40 Wn. App. 40, 696 P.2d 1256 (1985), which determined that the 1981 version of RCW 4.22.020, like the 1973 version, should be given retroactive application. Therefore, we now proceed to determine the proper application of the 1981 version of the statute to the facts of this case.

■■ Although "the exact nature of a community has been somewhat less than crystal clear", *Household Fin. Corp. v. Smith*, 70 Wn.2d 401, 403, 423 P.2d 621 (1967), we have long held that a community is not a separate and distinct juristic entity. *deElche v. Jacobsen*, 95 Wn.2d 237, 622 P.2d 835 (1980); *Household Fin. Corp. v. Smith, supra; Bortle v. Osborne*, 155 Wash. 585, 285 P. 425, 67 A.L.R. 1152 (1930); *Bay Indus., Inc. v. Jefferson Cy.*, 33 Wn. App. 239, 653 P.2d 1355 (1982). In enacting the community property laws of this state

the legislature did not create an entity or a juristic person separate and apart from the spouses composing the marital community. The legislature did nothing more than classify as community property—designate the character of certain property as community and other property as separate—the property acquired after marriage by the spouses. We have, for convenience of expression, employed the terms "entity" and "legal entity" in referring to a partnership and to a marital

community. However, we have never held that a partnership or a marital community is a legal person separate and apart from the members composing the partnership or community, or that either the partnership or the marital community has the status of a corporation.

*Bortle,* at 589.

Clearly, a spouse can bring an action on behalf of the marital community. Either spouse may bring such an action, except where the suit is for personal injuries or for compensation for services rendered. RCW 4.08.030.[4] However, this does not mean that the marital community is treated as a juristic entity bringing the action. The spouse, or spouses, if both join, are the plaintiffs, not the community on whose behalf the action is brought.

Therefore, we reject the County's argument that RCW 4.22.020 does not apply to this case because it does not refer to an action brought by the community. The statute prohibits the imputation of negligence between spouses. Since the marital community is not a juristic entity separate and distinct from the spouses, the Legislature's omission of a reference to an action "by the community" is neither surprising nor significant.

■ Our conclusion is further supported by examining the implications of the County's argument in regard to the statute. The County contends that any action brought to recover damages that would be characterized as community property must necessarily be brought by the community as plaintiff. However, prior to *In re Marriage of Brown, supra,* any award to a spouse for injuries caused by a third party was community property. Therefore, under the County's theory, all actions for personal injuries prior to *Brown* were actions by the community. If this were true, then RCW

---

[4]RCW 4.08.030 provides:

"Either husband or wife may sue on behalf of the community: *Provided,* That

"(1) When the action is for personal injuries, the spouse having sustained personal injuries is a necessary party;

"(2) When the action is for compensation for services rendered, the spouse having rendered the services is a necessary party."

4.22.020, which refers to actions by spouses, would have been meaningless at the time it was passed by the Legislature. Since it is presumed that the Legislature does not engage in unnecessary or meaningless acts, *Avlonitis v. Seattle Dist. Court,* 97 Wn.2d 131, 641 P.2d 169, 646 P.2d 128 (1982); *John H. Sellen Constr. Co. v. Department of Rev.,* 87 Wn.2d 878, 558 P.2d 1342 (1976), we reject the County's reading of the statute.

Therefore, we hold that RCW 4.22.020 applies to this case. However, interpreting the statute as the Vaseys do would allow Gary Vasey to share in the community property recovery even though he was found by the jury to be 80 percent negligent.[5] The statute does not require such a result. We believe that RCW 4.22.020 can be interpreted in harmony with our case law so that the innocent spouse may recover without allowing the tortfeasor spouse to unduly benefit.

Washington courts have previously faced situations where a community property recovery could unjustly enrich a tortfeasor spouse. In such cases, the court balanced the policies involved and fashioned a remedy so that the innocent spouse would be compensated while the tortfeasor spouse would not be unduly benefited. In *Freehe v. Freehe,* 81 Wn.2d 183, 500 P.2d 771 (1972), the court abolished the doctrine of interspousal tort immunity. Recognizing that a community property recovery would also benefit the tortfeasor spouse, the court held that (1) damages for past and future medical expenses would be fully recoverable by the community since they inure directly to the benefit of the injured spouse; (2) damages for loss of future earnings

---

[5]We note that courts in some community property jurisdictions have come to the result that the Vaseys urge. These courts have declined to impute negligence between spouses even though the recovery would be community property and would thereby benefit the tortfeasor spouse. *Gibson v. Boyle,* 139 Ariz. 512, 679 P.2d 535 (Ct. App. 1983); *Lewis v. Till,* 395 So. 2d 737 (La. 1981); *Lantis v. Condon,* 95 Cal. App. 3d 152, 157 Cal. Rptr. 22 (1979). However, as we indicate below, our courts have not been hesitant to fashion a remedy in situations where a tortfeasor spouse could benefit from a community property recovery.

would be recoverable in the fraction of one–half, by the injured spouse, as his or her separate property, and (3) damages for pain and suffering would be fully recoverable as the separate property of the injured spouse. *Freehe,* at 192. Thus, in *Freehe* the court balanced the policy of compensating a tort victim against the policy of not allowing a tortfeasor to profit by his own wrong.

In *Federated Am. Ins. Co. v. Strong,* 102 Wn.2d 665, 689 P.2d 68 (1984), the court again addressed the question of what should be done when a community property recovery could benefit a tortfeasor spouse. In *Strong* the issue was whether an insured had liability and collision coverage for a loss caused by the intentional tort of the spouse of the insured. The court held that the insurance company had a duty to defend the innocent spouse even though this could lead to incidental benefit to the tortfeasor spouse. The court also held that although the innocent spouse was entitled to collision coverage under the policy, if the damages would be community property then they would only be recoverable in the fraction of one–half, as the insured's separate property. Thus, in *Strong* the court balanced the policy of providing coverage to an insured against the public policy of not allowing a tortfeasor to benefit from his wrongful acts.

As we noted above, generally either spouse may bring an action on behalf of the community to recover the entire amount of community damages. RCW 4.08.030. Each spouse has an undivided one–half interest in the amount recovered. *deElche,* at 243–44; *Bortle,* at 589. Usually, community property is divided only at the end of the marital relationship—through dissolution or death—or by an agreement by both spouses that their property will be separate. *deElche,* at 250 (Horowitz, J., dissenting). Our Supreme Court, however, has indicated that sometimes an early division of the community property is necessary to effect the correct balance between competing legal and policy considerations. *See deElche,* at 245. In *deElche* the court allowed a separate tort judgment to be satisfied out of

the tortfeasor's one–half interest in the community property, if the judgment could not be satisfied out of the tortfeasor's separate property. The court determined that an early division of community property was necessary to allow the fullest recovery by the victim, while still protecting the innocent spouse of the tortfeasor.

■ We believe that the competing legal and policy considerations of this case are best resolved by treating the community property recovery as divisible for the limited purpose of determining how the damages are to be reduced by the tortfeasor's contributory fault. Under this approach, a spouse's "recovery", as the word is used in RCW 4.22.020, would be the spouse's separate property damages plus the spouse's one–half interest in the community property damages. Each spouse would then receive a "recovery" undiminished by the contributory fault of the other spouse. The tortfeasor spouse, however, would have his "recovery" diminished by his own contributory fault, under RCW 4.22.005.[6] By making this early division of community property for the limited purpose of RCW 4.22.020, we can interpret the statute in harmony with the policies followed in cases such as *Freehe* and *Strong*.

An early division of the community property for the limited purpose of RCW 4.22.020 does raise problems, however. Joan Vasey's recovery for her past and future medical expenses is community property, and therefore would not be fully recoverable under our analysis. However, Joan will not be made whole for her physical loss unless she can recover the full extent of her medical expenses. Therefore, on the limited issue of medical expenses, we follow the

---

[6]RCW 4.22.005 provides:

"In an action based on fault seeking to recover damages for injury or death to person or harm to property, any contributory fault chargeable to the claimant diminishes proportionately the amount awarded as compensatory damages for an injury attributable to the claimant's contributory fault, but does not bar recovery. This rule applies whether or not under prior law the claimant's contributory fault constituted a defense or was disregarded under applicable legal doctrines, such as last clear chance."

remedy fashioned by the court in *Freehe*. We allow the innocent spouse to recover medical expenses in full, since by nature these damages are compensatory, inuring directly to the benefit of the innocent spouse. *Freehe,* at 192.

Therefore, for the purposes of RCW 4.22.020, a spouse's "recovery" consists of the spouse's separate property damages plus the spouse's one–half interest in the community property damages. Half of the community property damages will be recovered in full; the other half will be diminished by the tortfeasor's own contributory fault.[7] However, to the extent that a community property recovery is designated as damages for past and future medical expenses of the innocent spouse, the damages are *recoverable in full.* We feel that this approach allows the fullest recovery to the innocent spouse, without unduly benefiting the tortfeasor spouse.

The County next argues that RCW 4.22.020 is unconstitutional because it violates the state constitutional prohibition against special privileges and immunities.[8] We disagree.

 Legislative classifications which do not affect fundamental rights and do not involve suspect classes will not be invalidated unless the classifications rest on grounds wholly irrelevant to the achievement of a legitimate state objective. *Automobile Drivers Local 882 v. Department of*

---

[7]We note that if we were to treat the community property recovery as the Vaseys urge, in certain situations the amount recovered in an action on behalf of the community would differ depending on which spouse brought the action. For example, in an action to recover for damage to a community property asset, such as the Vasey car, either spouse could legally bring the action alone. Under the Vaseys' interpretation of the statute, the recovery would be diminished if it were brought by the tortfeasor spouse but would not be diminished if it were brought by the innocent spouse. Such an illogical result could lead to creative manipulation of the pleadings in order to avoid diminishing the recovery.

[8]Const. art. 1, § 12 provides:

"§ 12 Special Privileges and Immunities Prohibited. No law shall be passed granting to any citizen, class of citizens, or corporation other than municipal, privileges or immunities which upon the same terms shall not equally belong to all citizens, or corporations."

*Retirement Sys.*, 92 Wn.2d 415, 598 P.2d 379 (1979), *cert. denied,* 444 U.S. 1040 (1980). No fundamental right is involved in this case. Neither can it be argued that the statute creates a suspect class.[9] Therefore, the statute is constitutional if (1) the legislation applies alike to all persons within the designated class; and (2) reasonable ground exists for making a distinction between those who fall within the class and those who do not. *Todd v. Kitsap Cy.*, 101 Wn.2d 245, 676 P.2d 484 (1984); *Jenkins v. State*, 85 Wn.2d 883, 540 P.2d 1363 (1975).

Initially, however, the County must show that the statute treats one class differently from another. The County argues that the statute creates special privileges for husbands and wives which do not belong equally to all citizens. As we read the statute, however, it merely abolishes the doctrine that the marital relationship alone is sufficient cause to impute negligence between two individuals. Thus, the statute merely determines that husbands and wives will be treated like everyone else in tort law. There is no disparity of treatment which can form the basis for a constitutional challenge.

The County next contends that RCW 4.22.020 is unconstitutional because it amends statutory sections without setting them forth at full length.[10] The County contends that RCW 4.22.020, under the trial court's decision, would amend several statutes by implication.[11]

We hold that the statute does not violate the constitutional provision. Article 2, section 37 of the state constitution is not violated in the following instances: (1) complete

---

[9]The County argues that the statute is "gender oriented and therefore suspect." The statute, however, refers to spouses, without making any distinctions on the basis of gender. We find this argument to be without merit.

[10]Const. art. 2, § 37 provides:

"§ 37 Revision or Amendment. No act shall ever be revised or amended by mere reference to its title, but the act revised or the section amended shall be set forth at full length."

[11]RCW 4.08.030, 4.22.005, and 26.16.030.

acts which repeal prior acts or sections thereof on the same subject; (2) complete acts which adopt by reference provisions of prior acts; (3) complete acts which supplement prior acts or sections thereof without repealing them; (4) complete acts which incidentally or impliedly amend prior acts. *Naccarato v. Sullivan,* 46 Wn.2d 67, 278 P.2d 641 (1955). Since the statute is clearly a complete act, it is not unconstitutional even if it impliedly amends other statutes.[12]

Finally, the County contends that the bill enacting the original version of RCW 4.22.020 was unconstitutional because it embraced more than one subject not expressed in its title.[13] The title of the bill in question was "An Act Relating to civil procedure; creating a new chapter in Title 4 RCW; and declaring an effective date." The County argues that the bill did more than relate to civil procedure; the County claims that it changed rights in property and altered the liabilities of spouses when one spouse injures a third person.

A statute meets the test of article 2, section 19 of the constitution as long as there is a rational nexus between the general subject as reflected in the title, and the subsections. *Scott v. Cascade Structures,* 100 Wn.2d 537, 673 P.2d 179 (1983); *State v. Huntley,* 99 Wn.2d 27, 658 P.2d 1246 (1983). The constitutional provision will be liberally construed so as to sustain the validity of a legislative enactment. *State v. Grisby,* 97 Wn.2d 493, 647 P.2d 6 (1982), *cert. denied,* 459 U.S. 1211 (1983).

RCW 4.22.020 deals with the doctrine of imputed negligence, which is a matter of civil procedure as it relates to tort actions. Therefore, there is a rational nexus between the title of the bill and the subsection in question. We hold

---

[12]We express no opinion as to whether or not it amends any statutes by implication.

[13]Const. art. 2, § 19 provides:

"§ 19 Bill To Contain One Subject. No bill shall embrace more than one subject, and that shall be expressed in the title."

that the statute is constitutional.

Since this appeal is clearly not frivolous, we do not impose terms or compensatory damages. RAP 18.9; *Miller Cas. Ins. Co. v. Briggs,* 100 Wn.2d 9, 665 P.2d 887 (1983); *Streater v. White,* 26 Wn. App. 430, 613 P.2d 187 (1980).

The judgment of the trial court is affirmed as to Joan Vasey's recovery for pain and suffering and for medical expenses. Since the trial court treated the recovery for the Vasey vehicle as divided, with Joan recovering her half in full and Gary recovering his half reduced by his 80 percent contributory fault, we also affirm the trial court on this issue. The judgment of the trial court is modified as to Joan Vasey's lost wages; Joan should recover her half of this amount in full while Gary recovers his half reduced by his 80 percent contributory fault.

SCHOLFIELD, C.J., and SWANSON, J., concur.